**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS HUMBERTO ALFARO LARA (A No. 208-548-316),<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTION CENTER, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-01986-JLT-FJS<br><br>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE AMENDED TRO AS MOOT; GRANTING THE MOTION TO DISMISS AND MOTION TO DISSOLVE; TERMINATING THE MOTION FOR VOLUNTARY DISMISSAL; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 1, 7, 8, 9, 12.) |

Luis Humberto Alfaro Lara is a federal immigration detainee proceeding pro se with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DENIES** the Petition.

## I.        FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of El Salvador who first entered the United States on or about November 3, 2015, where he was encountered by U.S. Border Patrol, processed for expedited removal, and subsequently removed back to El Salvador on November 17, 2015. (*See* Doc. 7 at 2; Doc. 7-1 at 3.) Years later in 2020, Petitioner unlawfully re-entered the United States without

being encountered by immigration officials. (*See* Doc. 12 at 3; Doc. 7-1 at 3.) He lived in the country for years unencountered until January 23, 2026, during an immigration enforcement action. (*See* Doc. 7-1 at 2–3.) ICE officials arrested the Petitioner on that date and transferred him to California City Detention Center where he currently remains. (*Id.*; Doc. 1 at 1; Doc. 12 at 2.) On January 23, 2026, DHS issued a notice of intent to reinstate Petitioner's prior order of removal pursuant to the Immigration and Nationality Act §§ 212(a)(9)(C)(i)(II), 241(a)(5). (Doc. 7-1 at 3; Doc. 7-2 at 1.) That day, DHS also issued a Form I-205 Warrant of Removal/Deportation. (Doc. 7-3 at 1.)

On March 12, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights had been violated. (Doc. 1 at 1–3.) On April 6, 2026, Respondents filed a motion to dismiss and a motion to dissolve the no transfer order entered by this Court, which temporarily prohibited Petitioner's removal pending a resolution on the habeas petition. (*See* Docs. 5, 7, 8.) Respondents argue that Petitioner is subject to a reinstated final order of removal and mandatory detention under 8 U.S.C. § 1231(a)(2). (Doc. 7 at 1.) Respondents indicate that the only impediment to Petitioner's removal is this Court's temporary no transfer order. (Doc. 8.)

On June 2, 2026, Petitioner erroneously filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), (Doc. 9), but later clarified that such filing was "mistaken." (Doc. 12.) On June 8, 2026, Petitioner filed an amended motion for temporary restraining order indicating that he wished to proceed with his habeas petition and withdraw his motion for voluntary dismissal. (Doc. 12 at 3–6.) On June 4, 2026, Respondents filed a supplemental response indicating that even though it has now been over ninety days since Petitioner's order of removal was reinstated on January 23, 2026, Petitioner's detention may "continue beyond the [ninety] days if his removal is [] significantly likely in the reasonably foreseeable future," which they contend is. (Doc. 11 at 1–2.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    DISCUSSION

Petitioner claims that his ongoing detention without an individualized bond hearing violates due process. (Doc. 1 at 2; Doc. 12 at 5.) However, because Petitioner is subject to a reinstated final order of removal, (Doc. 7-2 at 1), he is also subject to mandatory detention under 8 U.S.C. § 1231(a)(2). That statute reads: "*During the removal period*, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2) (emphasis added). The relevant statutory framework allows for mandatory detention without bond for a period of 90 days while the Attorney General attempts to remove the noncitizen. 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the '*removal period*').") (emphasis added). And under section 1231(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date . . . and the *alien shall be removed under the prior order at any time after the reentry*." 8 U.S.C. § 1231(a)(5) (emphasis added).

This statutory framework applies here. Petitioner first entered the United States on November 3, 2015, was encountered, processed for expedited removal, and removed on November 17, 2015. (Doc. 7 at 2.) Then sometime in 2020, (*see* Doc. 12 at 3), Petitioner re-entered the United States unlawfully without admission or parole. (Doc. 7-1 at 3.) DHS reinstated Petitioner's order of removal on January 23, 2026. (Doc. 7-2 at 1.) The Supreme Court has held, that under this statutory framework, the government may detain a removable noncitizen beyond the 90-day statutory removal period, but only for so long as "*reasonably necessary* to secure the alien's removal." *Zadvydas v. Davis*, 533 U.S. 678, 682. The Court explained that the statute contains an implicit reasonable time limitation, which is presumptively six months, after which

the noncitizen bears the burden of proving that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 682, 701. Because it has not been more than six months since Petitioner's order of removal was reinstated on January 23, 2026, (see Doc. 7-2 at 1), any such claim under *Zadvydas* would be premature. Thus, the Court finds that Petitioner is subject to mandatory detention during a presumptively reasonable six-month removal period.

**IV.    CONCLUSION AND ORDER**

1.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2.    The amended motion for temporary restraining order (Doc. 12) is **DENIED** as **MOOT**.

3.    Respondents motion to dismiss (Doc. 7) is **GRANTED**.

4.    Respondents motion to dissolve no transfer order (Doc. 8) is **GRANTED**.

5.    The Court's order prohibiting Petitioner's transfer our of this District and preventing Petitioner's removal from the United States (Doc. 5) is **WITHDRAWN**.

6.    Petitioner's motion for voluntary dismissal under Rule 41(a)(2) filed in error (Doc. 9) is **TERMINATED**.

7.    The Clerk of Court is directed to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated:    **June 12, 2026**

UNITED STATES DISTRICT JUDGE

4